DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11CV634-RLV
(3:92CR34-RLV-1)

| | | |
|---|---|---|
| ALVIN B. TRUESDALE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion for Relief from a Judgment or Order, (Doc. No. 16). Petitioner seeks relief from this Court's prior order dismissing as successive Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, as well as relief from this Court's related orders on various motions filed by Plaintiff. Essentially, Petitioner complains that this Court should not have denied as successive his prior petition. He appears to be arguing that in the prior petition he was attempting, among other things, to raise an actual innocence argument, and that his petition should not have been dismissed in light of McQuiggin v. Perkins, 133 S. Ct. 1924, 1933-35 (2013).

Petitioner's motion is denied. In McQuiggin v. Perkins, the Supreme Court held that 28 U.S.C. § 2244(d)(1)(D), a provision of the statute of limitations for federal habeas petitions by state prisoners, did not preclude a federal court from "entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." In other words, in light of McQuiggin v. Perkins, a claim of actual innocence may excuse the statute of limitations for first 28 U.S.C. § 2254 or § 2255 petitions. Courts have held that McQuiggin does not, however,

1

apply to successive petitions. In re Warren, 537 F. App'x 457, 457-58 (5th Cir. 2013) (holding that McQuiggin does not apply to successive petitions); Ruff v. Perdue, No. 3:13-cv-104, 2014 WL 4084326, at *5 (N.D. W. Va. Aug. 19, 2014) (adopting report and recommendation stating: "[N]othing in McQuiggin allows petitioner to repeatedly attempt to attack his . . . conviction and sentence on the same grounds, through successive § 2244 or § 2255 motions, let alone via a § 2241 motion."). In any event, an actual innocence claim requires new evidence. McQuiggin, 133 S. Ct. at 1933; United States v. MacDonald, 641 F.3d 596, 612 (4th Cir. 2011) (recognizing that actual innocence claim "obliges the prisoner to proffer some new evidence in support of his habeas corpus claim"); United States v. Barajas, No. 5:13CV80574, 2013 WL 5720339, at *1 (W.D. Va. Oct. 18, 2013) (rejecting claim under McQuiggin where petitioner offered no newly discovered evidence). Here, although Petitioner has alleged actual innocence, he has not supported his claim with any newly discovered evidence.

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from a Judgment or Order, (Doc. No. 16), is **DENIED**.[1]

Signed: August 19, 2015

Richard L. Voorhees
United States District Judge

---

[1] In any event, Petitioner appealed the Court's dismissal of his petition as successive, and on January 24, 2013, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. (Doc. No. 11).